IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. _____

| | |
|---|---|
| ANGELA BOZEMAN,<br><br>      Plaintiff,<br><br>v.<br><br>CHARLOTTE-MECKLENBURG<br>BOARD OF EDUCATION,<br><br>      Defendant. | **COMPLAINT**<br>**(Jury Trial Demanded)** |

Plaintiff, complaining of the Defendant, alleges and says:

## I. INTRODUCTION AND JURISDICTION

1. This is an action seeking damages as well as legal, equitable and declaratory relief under Title VII. This is a claim for race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964. Plaintiff claims that she was denied the position of Principal in July, 2017.

2. Jurisdiction of the court is invoked pursuant to 28 U.S.C. §1434, this suit being a proceeding seeking to enforce rights and remedies secured in Title VII. Jurisdiction is also conferred upon this court by §1331.

3. Jurisdiction of the court is invoked pursuant to 28 U.S.C. §§2201 and 2202, this being an action for declaratory judgment declaring illegal the acts of Defendant complained of herein, violating rights secured to Plaintiff by Title VII.

## II. PARTIES

4. Plaintiff is an African-American female who resides in Charlotte, Mecklenburg County, North Carolina.

5. Defendant Charlotte Mecklenburg Board of Education ("CMS") is a large metropolitan school system, organized under the laws of the State of North Carolina, which provides public education services.

## III. FACTS

6. Plaintiff was employed by Defendant in January of 1998 as an Assistant Principal. At all times during her employment with Defendant, she was rated highly for her creativity and innovation in education. She continued in the role of Assistant Principal at various schools.

7. In 2017, Plaintiff was employed at Olympic High School which at the time had been designed as five separate schools on one campus. Plaintiff was the Principal of the Biotech School. In late August, 2016, Eric Olejarczyk, Principal of TEAM, announced to his staff that he would become the new Principal of Olympic once Olympic was consolidated to a comprehensive high school. His announcement was inaccurate for the time. However, by March of 2017, Defendant asked Principal Pratt to transfer to Carmel Middle School as its Principal. In a meeting of the five school Principals, Kathy Elling assured Principals present that Mr. Olejarczyk was not going to be the Principal of the METS school.

8. On or about May 9, 2019, Kathy Elling called an emergency meeting of all Principals except Plaintiff who did not receive a text message for the meeting. She announced that Mr. Olejarczyk would be appointed by the CMS School Board later in the evening as the new Principal of METS, that he in fact would be running two schools.

9. On or about July 17, 2017, Kathy Elling, Acquanetta Edmunds and Avery Mitchell met with Plaintiff, Olejarczyk and Tamara Hines, another Principal. In that meeting, Plaintiff and Hines were told that they were not being pushed out, that they would not be given any preferential treatment for a Principal role and suggested that they seek other opportunities and to let Elling know when they found those opportunities. Elling even suggested that the Plaintiff consider a demotion to a Middle School position.

10. In that meeting, Kathy Elling addressed her comments to Hines and Plaintiff, but never suggested to Olejarczyk that he seek other positions. Neither Hines nor Plaintiff were given the opportunity to apply for the position which Olejarcsyk was awarded.

11. The Plaintiff's work at Olympic for almost ten years was marked by high growth or exceeded growth as measured by the State's accountability process, and has made a positive impact on numerous students, teachers and fellow administrators. She led the implementation of many successful programs and built significant relationships in the process.

## IV. CLAIMS FOR RELIEF

### First Claim For Relief: Race Discrimination – Title VII

12. Plaintiff hereby incorporates Paragraphs 1 through 11 above.

13. Plaintiff was denied the opportunity to apply for the position of Principal of the ELED School. As such, Plaintiff's opportunity to continue in the Principal role at Olympic High School was denied. In addition, Plaintiff was denied the opportunity to become the Principal of the consolidated Olympic High School. No posting of the position was done. Plaintiff is an African-American female and the person who was selected to fill those positions is a white male.

14. Plaintiff was treated differently than her white male counterpart who received preferential treatment in the placement to these positions. It is obvious that he was pre-selected

3

Case 3:20-cv-00171-RJC-DCK   Document 1   Filed 03/19/20   Page 3 of 6

for the position as he had disclosed almost a year in advance of the position that he would be selected for the position.

15. Defendant's actions constitute discrimination against the Plaintiff on the basis of her race in violation of Title VII of the Civil Rights Act of 1964. As a result of Defendant's actions, Plaintiff has suffered economic harm and emotional distress. Plaintiff is entitled to compensation for her economic loss and for her emotional distress.

## Second Claim For Relief: Sex Discrimination – Title VII

16. Plaintiff hereby incorporates Paragraphs 1 through 15 above.

17. Plaintiff was denied the opportunity to apply for the position of Principal of the ELED School. As such, Plaintiff's opportunity to continue in the Principal role at Olympic High School was denied. In addition, Plaintiff was denied the opportunity to become the Principal of the consolidated Olympic High School. No posting of the position was done. Plaintiff is an African-American female and the person who was selected to fill those positions is a white male.

18. Plaintiff was treated differently than her white male counterpart who received preferential treatment in the placement to these positions. It is obvious that he was pre-selected for the position as he had disclosed almost a year in advance of the position that he would be selected for the position.

19. Defendant's actions constitute discrimination against the Plaintiff on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964. As a result of Defendant's actions, Plaintiff has suffered economic harm and emotional distress. Plaintiff is entitled to compensation for her economic loss and for her emotional distress.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

20. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, EEOC Charge 430-2017-01989. The Equal Employment Opportunity Commission investigated the Charge and issued a Determination of Discrimination based upon race and sex. After conciliation failed, the EEOC forwarded the matter to the United States Department of Justice on February 27, 2019. In a letter dated December 13, 2019, and received by Plaintiff's counsel on December 23, 2019, the United States Department of Justice provided the Plaintiff with a Notice of Right to Sue. This action is being commenced within ninety (90) days of the receipt of the Right to Sue Letter from the Justice Department.

## V. JURY TRIAL DEMAND

21. Plaintiff hereby demands a trial by jury.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the discrimination alleged herein be remedied in full and that the court, after a jury trial:

a) Declare the actions complained of herein to be illegal;

b) Issue an injunction enjoining the Defendant, its agents, employees, successors, attorneys and those acting in concert or participation with the Defendant and at its direction from engaging in the unlawful practices set forth herein;

c) Award Plaintiff her costs and expenses in this action, including reasonable attorney's fees, costs and other litigation expenses; and

d) Grant such other and further relief as may be just and necessary to afford complete relief to Plaintiff.

This 19th day of March, 2020.

*/s/ Geraldine Sumter*
Geraldine Sumter
N. C. Bar No. 11107
Ferguson Chambers & Sumter, P.A.
309 East Morehead Street, Suite 110
Charlotte, North Carolina 28202
Telephone: (704) 375-8461
Facsimile: (980) 938-4867
Email: gsumter@fergusonsumter.com

Attorney for Plaintiff