IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-cv-171-RJC-DCK

| | |
|---|---|
| ANGELA BOZEMAN<br><br>Plaintiff,<br><br>v.<br><br>CHARLOTTE-MECKLENBURG<br>BOARD OF EDUCATION,<br><br>Defendant. | CONSENT PROTECTIVE ORDER |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, N.C. Gen. Stat. §§ 115C-319 and 115C-321, and 20 U.S.C. § 1232g and 34 CFR § 99.31, upon stipulation by the parties, the Court enters the following Order:

In the course of this action, Plaintiff may request production of documents and information contained in personnel records concerning applicants, current and/or former employees and school-related records of students of Defendant Charlotte-Mecklenburg Board of Education ("Defendant"), or Defendant may use such documents and information in its defense.

Portions of such documents and information may be confidential personnel records of local boards of education protected and limited from disclosure under N.C. Gen. Stat. §§ 115C-319 and 115C-321, or confidential student records protected from disclosure under

1

20 U.S.C. § 1232g and 34 CFR § 99, but which may be disclosed pursuant to Court order under N.C. Gen. Stat. § 115C-321(a)(4) and 34 CFR § 99.31 and the circumstances applicable here.

Defendant may request production of documents and information contained in Plaintiff's personal medical and financial records which are private and confidential, or Plaintiff may use such documents and information in this case.

The parties have an interest in limiting disclosure of the records and information to the litigation of this case. Documents and information have been or may or will be sought, produced or exhibited by and among the parties in the above-captioned case, which include certain materials that a party may designated as confidential ("Confidential Materials") and produce or otherwise disclose during the course of this lawsuit under the terms outlined herein.

IT IS HEREBY ORDERED THAT:

1. **Confidential Personnel Information.** "Confidential Personnel Information" of current and former employees of Defendant and applicants for employment with Defendant (who are not Plaintiffs in this litigation) includes "personnel file" information as defined in N.C. Gen. Stat. § 115C-319, and also includes information which concerns or relates to, grievances, complaints, any EEOC or discrimination matters, human resources and other investigations, licensure information, and similar information and documents, wherever located and in whatever form.

2. **Confidential Personal Information.** Plaintiff may be asked to produce her medical records or other health-related information, as well as personal financial and tax records and private communications with others, including with friends and family.

2

3. **Confidential Student Information.** Defendant may be asked to produce records or documents that contain protected student information.

4. **Designation of Records as Confidential.** Any party producing or furnishing information to another party, to the Court, or at a deposition in connection with this litigation, may designate as "Confidential," in accordance with the procedures set forth herein, any such information, document or part thereof, interrogatory answer, response to request for admissions, deposition testimony, excerpts and summaries of such information, or other materials as set forth in this Order. Confidential Personnel Information, Personal Information and Student Information may be designated as "Confidential." Such designation shall be made at the time the information in produced or furnished, or at a later time as provided herein.

5. **Procedure for Designating Information as Confidential.**

Parties may designate information as Confidential in the following manner:

(a) In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the word "Confidential" by stamp or other method that will make the word conspicuous;

(b) In the case of answers to interrogatories, designation shall be made by placing the word "Confidential" adjacent to or at the end of any answer deemed to contain confidential information. Alternately, answers deemed to contain confidential information may be bound separately and marked with the word "Confidential"; or

(c) In the case of depositions or other pretrial testimony in this action by the parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party who claims that Confidential Material is about to be or has been disclosed. Unless

3

the parties intend to designate all of the information contained within a particular document or deposition testimony as Confidential Materials, counsel for that party should indicate in a clear fashion the portion of the document or testimony that is intended to be designated as confidential. If not noted during a deposition, within a reasonable period of time after a transcript is produced, counsel for either party may designate a response as Confidential Material.

6. **Restricted Use of Confidential Information.**

(a) Documents/information designated as "Confidential" pursuant to this Protective Order shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals:

(i) the Court (including the Clerk's office, stenographic reporters and videographers, engaged in such proceedings as are necessary to the preparation for trial and trial of this action);

(ii) counsel for the parties, their staff members, their professional and paraprofessional employees;

(iii) any experts or service contractors (i.e., court reporters or outside photocopying or imaging services) associated by the parties regarding this action;

(iv) the parties to this litigation, including officers or managers of a party who have a need to know the information for purposes of this litigation; or

(v) by mutual consent.

(b) Documents produced pursuant to this Protective Order shall not be used for any purpose other than evidence in this litigation and may not be disclosed under any circumstances to anyone not connected with this action as a party, witness, counsel,

4

consultant, staff person or court personnel, except as the records might become public at trial or summary judgment. However, use of Confidential Material during the trial of this action or in any hearing in connection with the disposition of this matter by any party shall in no way permit the use of such material for or in connection with any other lawsuit, action, hearing or proceeding, or for any other purpose without further order of the Court, express agreement by both parties, or pursuant to a subpoena.

(c) Nothing in this Order is intended to interfere with an individual's right to examine his/her own personnel file and the right of Defendant and its designated representative(s) from examining any personnel or student information to the extent a school district is permitted to do so by law.

7. **Acknowledgment.** All persons to whom Confidential Material is disclosed pursuant to paragraph 4 of this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to ensure that persons authorized to receive Confidential Material pursuant to paragraph 4 of this Order have knowledge of the terms of this Order.

8. **Inadvertent Disclosure**. In the event a party inadvertently produces materials which should have been, but were not, marked "Confidential," the party may designate such materials as "Confidential" by notifying counsel of the error and producing the documents again, with the "Confidential" designation, prior to the expiration of the discovery deadline set by the Court. The parties will then treat these documents as if they had been marked "Confidential" when they were first produced.

9. **Use of Confidential Materials in this Case**. Nothing in this Order shall prevent or impair the use by a party of Confidential Materials as set forth in paragraphs 1-3 of

this Order in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court or at any deposition, or hearing, conference, or trial before the Court so long as confidentiality of such information is protected as provided herein. To the extent any Confidential Material is filed with the Court, counsel filing the Confidential Material shall file it under seal in accordance with the LCvR 6.1.

10. **Rights Preserved**. Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds. Any party also may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown. Further, all parties retain the right to apply to the Court for an order affording additional protection to Confidential Material as the circumstances may warrant. Nothing contained herein shall prevent a party from seeking modification to this Order.

11. **Ultimate Disposition of Confidential Information**. The ultimate disposition of all Confidential Materials protected by this Protective Order shall be made subject to a final order entered by this Court upon the completion of litigation.

12. **Protection of Copies**. All copies, extracts or summaries prepared from Confidential Materials produced hereunder shall be subject to the same terms of this Order as the Confidential Material from which such copies, extracts or summaries were prepared, if properly designated.

NOW, THEREFORE, IT IS HEREBY ORDERED for good cause shown and with the consent of the parties that the discovery of protected personnel records and other information shall be had only upon the following terms and conditions:

A. All information and documents from protected personnel records concerning

current and/or former employees of Defendant and applicants for employment with Defendant, and other confidential records and information identified in Paragraph 1 above that are produced or received by the parties shall be treated as confidential and shall not be disclosed for any purpose other than the proceedings in this litigation.

B. All personal information and documents from Plaintiff identified in Paragraph 2 above that are produced or received by the parties shall be treated as confidential and shall not be disclosed for any purpose other than the proceedings in this litigation.

C. All Students Records identified in Paragraph 3 above that shall be produced or received by the parties pursuant to the requirements of 20 U.S.C. § 1232g and 34 CFR § 99, shall be treated as confidential and shall not be disclosed outside of this litigation.

D. The parties may only disclose such confidential records and information in the manner described in Paragraphs 6 and 7:

E. All such persons to whom confidential information and records are disclosed shall be informed of this Consent Protective Order and shall be bound by its terms and conditions.

F. No copies of any confidential document shall be made except as is necessary for the preparation and hearing of this case.

G. At the conclusion of this litigation, all copies of confidential documents shall be returned to the respective parties of this case, except counsel may keep a file copy to comply with State Bar requirements.

H. By consenting to this Protective Order, the parties do not waive any other objections allowed under Fed. R. Civ. P 26(b) to the discovery of information.

**SO ORDERED.**

Signed: September 18, 2020

David C. Keesler
United States Magistrate Judge

**Consented to By Counsel for the Parties**

| | |
|---|---|
| **/s/ Geraldine Sumter** | **/s/ Terry L. Wallace** |
| Geraldine Sumter | Terry L. Wallace |
| N.C. State Bar No. 11107 | N.C. State Bar No. 26806 |
| Ferguson Chambers & Sumter, P.A. | Wallace Childers PLLC |
| 309 E. Morehead Street; Suite 110 | 5970 Fairview Road; Suite 625 |
| Charlotte, NC 28202 | Charlotte, North Carolina 28210 |
| Phone: (704) 375-8461 | Phone: 704-626-2903 |
| Fax: (980) 938-4877 | Fax: 704-626-3476 |
| Email: gsumter@fergusonsumter.com | Email: terry@wallacechilders.com |
| Attorney for Plaintiff | |

**/s/ Mindy B. Sanchez**
Mindy B. Sanchez
N.C. State Bar No. 43444
Senior Associate General Counsel
Charlotte-Mecklenburg Board of Education
600 E. Fourth St., 5th Floor
Charlotte, NC 28202
Phone: (980) 343-6228
Fax: (980) 343-5739
Email: mindyb.sanchez@cms.k12.nc.us

Attorneys for Defendant